United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20392
Summary Calendar
_____

JAMES B. WHITLEY,

                                        Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(03-CV-5097)
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    James B. Whitley, Texas prisoner #539160, seeks a

certificate of appealability (COA) to appeal from the dismissal

of his habeas corpus application.  Whitley contends that he was

deprived of due process because his good-conduct time credits and

street-time credits were forfeited upon the revocation of his

parole.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To obtain a COA, Whitley must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Whitley "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Regarding his good-conduct time credits, Whitley has not made the showing required to obtain a COA.  *See Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir. 1989).  As to Whitley's contention that he was deprived of due process because he was deprived of good-conduct time credits, his COA request is DENIED.

Before September 2001, Texas law allowed the Board of Pardons and Paroles to disregard the street time a prisoner accumulated while on release.  TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 1998).  Prisoners had no liberty interest in retention of street time upon revocation of release status.  *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001).  However, it is possible that amendments to the relevant statute have created a protected liberty interest in retention of street time by some prisoners whose release was revoked after September 1, 2001. TEX. GOV'T CODE ANN. § 508.283(c)(Vernon supp. 2004); *see Olim v.*

*Wakinekona*, 461 U.S. 238, 249 (1983); *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004).

The record in Whitley's case does not indicate when he began serving his sentence, when he was released, when his release was revoked, or how much time was remaining on his sentence. Nor does the record provide details about his convictions demonstrating that Whitley's convictions render him eligible for release on mandatory supervision and therefore possibly eligible to retain his street-time credits. *See* TEX. GOV'T CODE ANN. § 508.149(a)(Vernon supp. 2004). Nor does the record indicate details about any state-court disposition of Whitley's street-time contention. Moreover, the respondent did not participate in the district-court proceeding.

Because Whitley conceivably has a protected liberty interest in retaining his street-time credits, his request for a COA is GRANTED regarding his contention that he was deprived of street-time credits without due process. Because the record does not provide a sufficient factual basis for determination of Whitley's street-time contention, and because the district court has not addressed whether § 508.283(c) creates a liberty interest, the judgment is VACATED AND REMANDED regarding the street-time contention only, for proceedings consistent with this order. We express no opinion on the ultimate outcome of the proceedings.

COA DENIED IN PART; COA GRANTED IN PART; VACATED AND REMANDED IN PART.