IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-20861
Summary Calendar

GLENN A. HALTOM

Petitioner-Appellant

v.

RISSI L. OWENS

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
(07-CV-2494)

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Glenn A. Haltom, Texas prisoner # 630919, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application. In his application, Haltom challenged the denial of street-time credits and the forfeiture of work-time and good-time credits after his parole revocation.

Haltom must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327.

As for Haltom's claims that his sentence imposed after the revocation of his parole violates the ex post facto clause, the separation of powers clause, and the double jeopardy clause and that he was forced to agree to the forfeiture of work-time and good-time credits when he agreed to the conditions and rules of parole, Haltom has not made the requisite showing to obtain a COA. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999); FED. RULE APP. PROC. 28(a)(9). Therefore, his COA request as for these claims is DENIED.

Before September 2001, Texas law allowed the Board of Pardons and Paroles to disregard the street time a prisoner accumulated while on release. TEX. GOV'T CODE ANN. § 508.283 (Vernon 1998). Prisoners had no liberty interest in retention of street time upon revocation of release status. See Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001). However, it is possible that amendments to the relevant statute have created a protected liberty interest in retention of street time by some prisoners whose release was revoked after September 1, 2001. TEX. GOV'T CODE ANN. § 508.283 (Vernon 2004); see Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004); Whitley v. Dretke, 111 F.App'x 222, 223 (5th Cir. 2004).

The record in Haltom's case does not indicate the exact dates of when he began serving his sentence, when he was released, when his release was revoked, or how much time was remaining on his sentence when he was released. Nor does the record provide details about his conviction, such as the statute of conviction.

Because Haltom conceivably has a protected liberty interest in retaining his street-time credits, his request for a COA is GRANTED regarding his contention that he was deprived of street-time credits without due process. Because the record does not provide a sufficient factual basis for determination of Haltom's street-time contention, and because the district court has not addressed whether § 508.283 creates a liberty interest, the judgment is VACATED AND REMANDED regarding the

street-time contention only, for proceedings consistent with this order. We express no opinion on the ultimate outcome of the proceedings.

IT IS ORDERED THAT COA DENIED IN PART; COA GRANTED IN PART; VACATED AND REMANDED IN PART.