EMILIO M. GARZA, Circuit Judge:
Prisoner O’Neill Hudson (“Hudson”) appeals the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition. Hudson alleges that he remains unconstitutionally incarcerated because the prison disciplinary board, without any evidence, found him guilty of committing a riot and thus revoked his accrued good-time credits. We affirm.
Hudson, an inmate at the Unit of the Texas Department of Criminal Justice (Institutional Division), was found guilty by the prison disciplinary board of participating in a prison riot. The board punished him with: the loss of 3,530 days of good-time credit; thirty-days loss of recreational, commissary and personal property privileges; and thirty-days cell restriction. After exhausting his administrative appeals, Hudson petitioned for a writ of ha-beas corpus in the district court, alleging a violation of his Fourteenth Amendment due process rights. The district court adopted the recommendation of the magistrate judge, and denied the writ on the basis that some evidence supported the guilty finding.
The question presented to this court is whether there was any evidence to support the prison disciplinary board’s guilty finding. We review this issue of law de novo. See Dyer v. Johnson, 108 F.3d 607, 609 (5th Cir.1997) (citation omitted).
As a preliminary matter, we note that the alleged deprivation of Hudson’s *536 accrued good-time credits rises to the level of a constitutional violation only if Hudson can first establish that he has a protected liberty interest in those credits. See Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) (holding that a prisoner cannot be deprived of a protected liberty interest in good-time credits without procedural due process). The Supreme Court has explicitly held that state law determines whether “good time credits constitute a protected liberty interest.” Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 447, 105 S.Ct. 2768, 2770, 86 L.Ed.2d 356 (1985). It appears undecided whether the loss of accrued good-time credits under Texas law implicates due process concerns.[1] We, however, do not need to decide this question in this case. Gary L. Johnson (“Johnson”), the director of the Texas Department of Criminal Justice and the respondent in this case, has waived the issue by failing to raise it both in the district court and on appeal. See Askanase v. Fatjo, 130 F.3d 657, 668 (5th Cir.1997). We therefore assume that Hudson has a protected liberty interest in his good-time credits.
The Supreme Court has held that prisoners are entitled to “those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.” Wolff, 418 U.S. at 557, 94 S.Ct. at 2975. In the setting of prison disciplinary proceedings, due process requires that there be “some evidence to support the findings made in the disciplinary hearing.” Hill, 472 U.S. at 454, 105 S.Ct. at 2773 (emphasis added). The goal of this standard — variously a “modicum of evidence,” “any evidence,” or “some evidence”- — -is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens. See id. at 455, 105 S.Ct. at 2773-74. See also Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981) (courts must see “ ‘whether any evidence at all’ supports the action taken by the prison officials.”)
In this case, Johnson alleges that three pieces of evidence were offered against Hudson at the prison disciplinary hearing: (1) the written report of an officer who witnessed the riot, implicating Hudson; (2) testimony of another officer that Hudson appeared nervous following his detention; and (3) testimony that officers found wet clothes in Hudson’s cell following the riot.
We hold that Officer M. Goolsby’s identification of Hudson in her written report clearly constitutes “some” or “any” evidence to support the prison disciplinary *537 board’s guilty finding. Officer Goolsby wrote an incident report that states that she “looked into the wing and saw offender]] Hudson ... fighting - Offenders were contained to the wing until a supervisor arrived. Offender Hudson #655877 was identified as one of the participants.” This report standing alone is some evidence of Hudson’s guilt. See McPherson v. McBride, 188 F.3d 784, 786 (7th Cir.1999) (information contained in a conduct report is alone “some evidence” of guilt).
Hudson claims that Officer Goolsby’s testimony at the disciplinary hearing undermines her incident report. Officer Goolsby’s responses to the hearing officer’s questions áre admittedly less than clear. Furthermore, the testimony was very brief. The substantive parts of the testimony are quoted below:
Q: You have been called as the charging officer in a case against offender Hudson, 655877. Can you give me a brief description of what his actions were or any participation in this action as far as the riot, and Level I, Code 8 riot?
A: I have no documentation on, if this inmate had blood or wet clothing.
Q: Okay, other than you were told to write an, an account of cases on inmate participants involving an altercation, you don’t have anything else substantiating there?
A: No, sir.
The hearing officer then asked Hudson’s counsel if he had any questions for Officer Goolsby; he answered no, ending the testimony. Hudson was present at the hearing to offer his defense and question witnesses. Neither Hudson nor his counsel asked Officer Goolsby any questions, despite being given the opportunity to do so. Hudson cannot now impugn the evidentia-ry value of Officer Goolsby’s testimony. As the Regional Director noted in affirming the hearing officer’s decision, “Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer.” See also Rabalais, 659 F.2d at 545 (holding that “state prison officials enjoy wide discretion” in regards to a prison board’s finding of guilt). In this case, the hearing officer, after listening to several witnesses and assessing their credibility, found that Hudson was guilty of committing a prison riot.
We do not assess the weight of the evidence in our review of a prison disciplinary hearing. See Hill, 472 U.S. at 455-56,105 S.Ct. at 2774. Rather, we only examine if the guilty finding has “support of ‘some facts’ or ‘any evidence at all.’ ” Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir.1986). The logic behind the Supreme Court’s Hill standard is that prison disciplinary hearings are set in a uniquely charged atmosphere, in which prison administrators must act swiftly — even if such efficiency is attained by sacrificing the due process protections guaranteed in other settings. See id. As the Supreme Court stated: “The fundámental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.” Hill, 472 U.S. at 456, 105 S.Ct. at 2774 (internal citations omitted).
Because we hold that Officer Goolsby’s identification of Hudson provides “some evidence” of the prison disciplinary board’s guilty finding, we do not need to examine the two other pieces of evidence.
AFFIRMED.

. The Texas statute governing good-time credits was revised in 1998, and the language of the new section is clearly designed to avoid creating a protected liberty interest: "Good conduct time is a privilege and not a right.” Tex. Govt.Code § 498.003. On the other hand, the causa] relationship between a disciplinary infraction and loss of goodtime credits appears to make Texas law indistinguishable from the law at issue in Wolff. See Tex. Govt.Code § 498.004 ("If ... the inmate commits an offense or violates a rule of the division, the department may forfeit all or any part of the inmate’s accrued good conduct time.”).
The Fifth Circuit has addressed the issue from a variety of angles, but no case directly addresses the issue of whether Texas prisoners have a constitutional interest in their accrued good-time credits under current Texas law. See Hallmark v. Johnson, 118 F.3d 1073, 1079-1080 (5th Cir.1997) (holding that there is no protected liberty interest in the restoration of good-time credits forfeited for disciplinary infractions under an older statutory scheme); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir.1995) (holding that Texas parole statutes do not create a protected liberty interest under an older statutory scheme); Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997) (noting the same but declining to decide whether there is a constitutional expectancy of early release under mandatory supervision when a prisoner has accrued good-time credits); Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir.2000) (resolving the issue left open in Madison and holding that there is a constitutional expectancy of early release created by the mandatory supervision provisions of an older statutory scheme).