United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40874
Summary Calendar
_____

ASH B. BAKRE,

                              Plaintiff-Appellant,

versus

K. SULEWSKI, Captain,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-250
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Ash B. Bakre, Texas inmate # 784509, appeals the dismissal
of his civil rights suit, filed pursuant to 42 U.S.C. § 1983,
after the jury found for the defendant.  Bakre challenges the
district court's evidentiary rulings.  Bakre's substantial rights
were not affected by the introduction of his counsel substitute's
notes in lieu of her live testimony.  See Brunet v. United Gas
Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994).  Bakre stipulated
to the notes in lieu of live testimony, and the district court

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

told the jury that the notes represented what counsel substitute's remarks were at the disciplinary hearing. Bakre's argument that the district court unfairly told the district court about other court cases lacks merit inasmuch at the district court referenced those cases outside the presence of the jury.

Bakre's substantial rights were not affected when his disciplinary record was shown to the jury. See Brunet, 15 F.3d at 505. Evidence of his disciplinary record until the August 26, 1998, disciplinary hearing was probative of the appropriateness of the punishment he received after the August 26, 1998, hearing. See FED. R. EVID. 404(b); Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). Evidence of Bakre's disciplinary record after the August 26, 1998, was not probative. However, the evidence did not affect Bakre's substantial rights given that the charging officer's report was evidence that Sulewski did not retaliate against Bakre. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); see also Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001).

Bakre's substantial rights were not affected by the district court's ruling on the admissibility of counsel substitute's notes of the April 8, 1998, disciplinary hearing inasmuch as the fairness of that hearing was not at issue. See Brunet, 15 F.3d at 505.

Bakre's argument that the jury's verdict was contrary to the law and evidence lacks merit given that the charging officer's

report was evidence that Sulewski did not retaliate against Bakre.  See Flowers v. Southern Regional Physician Services, Inc., 247 F.3d 229, 238 (5th Cir. 2001); Woods, 60 F.3d at 1166; see also, Hudson, 242 F.3d at 536.

The judgment of the district court is AFFIRMED.