United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60508
Summary Calendar
_____

DWRIGHT BRIDGES,

                                        Plaintiff-Appellant,

versus

JOHN LEE, Investigator, in his official capacity; ETHEL CARLIZE,
Disciplinary Chairperson, in her official capacity;
MICHAEL WILSON, Superintendent, in his official capacity;
CHRISTOPHER EPPS, Commissioner, in his official capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-108-MD
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

    Dwright Bridges, Mississippi inmate #34782, proceeding
pro se, moves for leave to proceed in forma pauperis ("IFP") in
an appeal of the district court's final judgment that dismissed
his 42 U.S.C. § 1983 complaint. Bridges' IFP motion is a
challenge to the district court's certification that his appeal
is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202
(5th Cir. 1997).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bridges asserts that the defendants did not comply with the institution's rules and policies during his disciplinary proceedings. Bridges contends that the disciplinary report omitted the correct date, location, and time of the offense and did not include the names of the witnesses to the offense. For the first time on appeal, Bridges contends that he did not receive notice twenty-four hours in advance of the disciplinary hearing and that he was found guilty of conduct that does not constitute a violation of prison policy. He asserts that the rules of the Mississippi Department of Corrections do not prohibit inmates from having identical telephone numbers on their telephone call lists and do not prohibit disclosure of a pin number to another inmate. He argues that he was entitled to conduct discovery prior to dismissal of his complaint.

The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which adversely affects prisoners. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). The loss of good time credits as a result of prison disciplinary proceedings may implicate protected liberty concerns and may entitle an inmate to the procedural safeguards set forth in Wolff v. McDonnell, 418 U.S. 539, 556, 564-66 (1974). See Sandin v. Conner, 515 U.S. 472, 484 (1995); Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001); Murphy v. Collins, 26 F.3d 541, 543 & n.5 (5th Cir. 1994).

Bridges, however, did not allege a loss of good time, and the record does not demonstrate that he was deprived of good time credit. Bridges' claim concerning the loss of commissary privileges does not implicate concerns that are protected by the Due Process Clause. See Sandin, 515 U.S. at 486; Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, even if a protected liberty interest was implicated during Bridges' disciplinary proceedings, his claims for damages and removal of the violation from his prison record based on a violation of his due process rights are not cognizable under 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Bridges has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Bridges' complaint for failure to state a claim count as strikes under the Prison Litigation Reform Act. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Bridges is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.