

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2007

# Moles v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Moles v. Holt" (2007). *2007 Decisions*. Paper 1429.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1429

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 06-4359

———————————

WALTER C. MOLES,

<u>Appellant</u>

v.

RONALD HOLT, Warden; KEVIN BITTENBENDER;
HENRY J. SADOWSKI; HARRELL WATTS; THOMAS MARINO

———————————————————————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-00665)
District Judge: Honorable Christopher C. Conner

———————————————————————

Submitted Under Third Circuit LAR 34.1(a)
March 16, 2007

BEFORE: RENDELL, COWEN and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: March 23, 2007)

———————————

OPINION

———————————

PER CURIAM

Walter C. Moles, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the Middle District of Pennsylvania denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, we will affirm.

Moles is a prisoner at the Federal Correctional Institution at Schuylkill in Minersville, Pennsylvania ("FCI-Schuylkill"), currently serving a ten-year sentence for being a felon in possession of a firearm. In 2005, a verbal altercation took place between Moles and Corrections Officer Daniel Bensinger as Moles was awaiting transfer by bus from the United States Penitentiary at Lewisburg, Pennsylvania to FCI-Schuylkill. As a result, Moles was charged with three violations of the Federal Bureau of Prisons ("BOP") disciplinary code, including committing insolence towards a staff member, interfering with staff in the performance of duties, and engaging in conduct interfering with the security or orderly running of a BOP facility. After a hearing at FCI-Schuylkill, at which Moles contested the charges and presented the testimony of three witnesses, the disciplinary hearing officer ("DHO") found that the weight of the evidence supported the charge that Moles acted insolently towards Bensinger. The other two charges were expunged as redundant. In his report, the DHO explained his finding of culpability by identifying inconsistencies in the testimony of Moles and his witnesses, and noting Moles' poor attitude during the hearing process. The DHO sanctioned Moles by placing him in disciplinary segregation for fifteen days, disallowing thirteen days of earned good conduct time, ordering forfeiture of six days of non-vested good conduct time, and revoking commissary, visit, and phone privileges for one year. After filing unsuccessful administrative appeals, Moles submitted the instant § 2241 petition challenging the

2

DHO's finding.[1]

Moles asserts in his petition that his constitutional rights were violated because he was prevented from calling additional witnesses at the disciplinary hearing, the DHO's finding was not supported by sufficient evidence, the DHO was biased, and the punishment was excessive. He also alleges that the prison violated BOP regulations by not conducting an adequate investigation prior to the disciplinary hearing. The District Court denied the petition on the merits, and Moles now appeals. We have jurisdiction under 28 U.S.C. § 1291. In reviewing a district court's denial of habeas relief, we exercise plenary review over findings of law and defer to findings of fact unless they are clearly erroneous. See Lambert v. Blackwell, 134 F.3d 506, 512 (3d Cir. 1997).

Moles argues that the DHO's finding of culpability was not supported by sufficient evidence. A sanction imposed by a prison disciplinary board reducing a prisoner's good-time credits must be supported by "some evidence in the record" to satisfy the requirements of due process. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985). A court need not undertake a searching inquiry to ascertain the presence of "some evidence" supporting a disciplinary ruling; the "relevant question is whether there is any evidence in the record that could support the conclusion reached by the

---

[1] A prisoner may file a habeas petition challenging a disciplinary sanction that affects the fact or duration of his confinement. See 28 U.S.C. § 2241; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The DHO's ruling affects the length of Moles' sentence because it reduces his good conduct time, and Moles may file the instant petition for the purpose of obtaining restoration of that time. See Brown v. Fauver, 819 F.2d 395, 397 (3d Cir. 1987).

disciplinary board." Id. at 455-56 (emphasis added). The DHO's report refers to such evidence. In the section of the report entitled "Specific Evidence Relied on to Support Findings," the DHO cites to and quotes from Bensinger's incident report, which details Moles' verbal abuse towards Bensinger. The sufficiency standard is met where a DHO supports a finding of culpability solely by reference to an incident report compiled by a corrections officer. See Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001); McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). Moles also argues that the DHO did not give proper weight to his testimony and the testimony of the inmate witnesses. However, a challenge that goes to the weight of the evidence is irrelevant to the issue of whether the DHO's finding had a constitutionally sufficient evidentiary basis. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989) (citing Hill, 472 U.S. at 455).

Moles next contends that his right to procedural due process was violated because he was unable to contact or call approximately fourteen additional witnesses. He claims that he should have been permitted to contact every inmate who witnessed the incident and request their appearance at the disciplinary hearing. He also claims that he was improperly denied an opportunity to elicit the testimony of Lieutenant Larry Weir, an official at the Lewisburg facility who was allegedly present during the altercation but unavailable for the hearing. Moles maintains that all of these witnesses would have disputed the version of events recounted in Bensinger's incident report.

A prisoner facing charges that may result in a loss of good-time credits has a due process right to call witnesses at a disciplinary hearing "when permitting him to do so

will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Prison officials have broad discretion in administering a disciplinary hearing, see Young v. Kann, 926 F.2d 1396, 1400 (3d Cir. 1991), and it is not a denial of due process to deny an inmate an opportunity to present witnesses "whose testimony would be irrelevant, repetitive, or unnecessary." Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002); see also 28 C.F.R. § 541.17(c) (providing that "the DHO need not call repetitive witnesses"). The United States argues that the disciplinary hearing proceeded without the additional witnesses because their testimony would have been cumulative. Indeed, Moles does not explain how the testimony of the absent witnesses would have been materially different from the testimony of the three witnesses whom he called at the hearing. We therefore agree with the District Court that prison officials did not act improperly by not allowing Moles to call additional witnesses.

Moles also argues that he was denied his due process right to a fair and impartial hearing officer.[2] He alleges that the DHO's hostility towards the defense witnesses and undue deference towards Bensinger's incident report are evidence of bias. Upon reviewing the record, we conclude that these allegations fall short of evidencing the sort of egregious behavior that constitutes a due process violation. See Withrow v. Larkin, 421 U.S. 35, 47 (1975); Robinson v. State of New Jersey, 806 F.2d 442, 450 (3d Cir. 1986).

---

[2] The District Court did not address this claim, but we will address it because it was argued in the reply brief that Moles submitted to the District Court.

The District Court correctly denied the remaining constitutional claims. Moles has not shown that the sanctions imposed by the DHO were unconstitutionally excessive. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (invalidating sanctions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). We also reject any claim that the disciplinary hearing was conducted in violation of an asserted Sixth Amendment right to confront and cross-examine witnesses. See Wolff, 418 U.S. at 567-68.

Finally, Moles alleges that prison officials did not conduct a thorough investigation into the allegations raised by the incident report, as required by 28 C.F.R. § 541.14(b)(2).[3] He argues that a proper investigation, in accordance with BOP policies, would have required prison officials to identify and question additional witnesses, and those witnesses would have given exculpatory statements. We note that a failure to conduct a prompt and thorough investigation prior to a disciplinary hearing does not rise to the level of a due process violation. See Hill, 472 U.S. at 454. Moreover, Moles has failed to show that the alleged oversight caused him prejudice. As we have explained, prison officials afforded Moles an adequate opportunity to refute the charges at the disciplinary hearing and the record clearly indicates that the DHO gave due consideration to the testimony presented

---

[3] This provision states, in relevant part, that "[t]he investigat[ing officer] shall . . . thoroughly investigate the incident. The investigator shall record all steps and actions taken on the Incident Report and forward all relevant material to the staff holding the initial hearing . . . . [I]f the case is ultimately forwarded to the Discipline Hearing Officer, the DHO shall give a copy of the investigation and other relevant materials to the inmate's staff representative for use in presentation on the inmate's behalf."

by Moles and his three witnesses.

For the foregoing reasons, we conclude the District Court properly denied Moles'

habeas petition. Accordingly, we will affirm.