NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 8, 2009[*]
Decided October 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1283

| | |
|---|---|
| AARON ISBY-ISRAEL, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:08-cv-098-RLY-WGH |
| ALAN FINNAN, | |
| *Defendant-Appellee*. | Richard L. Young, *Judge*. |

**O R D E R**

Aaron Isby-Israel, an Indiana prisoner, filed a petition under 28 U.S.C. § 2254 challenging the process afforded him at a disciplinary hearing.  A Disciplinary Hearing

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Board found that Isby-Israel had thrown his food tray across the prison range when a guard refused to serve him the tray of his choice. His punishment included a loss of 30 days good-time credit and a suspended demotion in credit-earning class. The district court denied Isby-Israel's petition.

Isby-Israel argues that he was denied due process because the Board failed to apply a preponderance-of-the-evidence standard and relied entirely on the guard's written accusation as evidence of his guilt. Indiana inmates have a protected liberty interest in their good-time credits and credit-earning class, *see Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), but due process requires only that there be "some evidence" of misconduct before those benefits can be taken away, *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). This standard requires only a "modicum of evidence" sufficient to ensure that the disciplinary decision is not arbitrary. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A guard's conduct report alone can satisfy this standard. *Bandy-Bey v. Crist*, No. 08-2084, 2009 WL 2591275 at 2 (8th Cir. Aug. 25, 2009); *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The report, written and signed by the guard who witnessed Isby-Israel's tirade, gives the time of day and describes the incident. It is sufficient to support the Board's guilty finding. *See McPherson*, 188 F.3d at 786.

Isby-Israel also argues that the disciplinary rule he violated, Section B-236 of Indiana's Adult Disciplinary Procedures, is too general to give inmates fair notice of the conduct it prohibits. Section B-236 prohibits "disorderly conduct: exhibiting disruptive and/or violent conduct which disrupts the security of the facility or other area in which the offender is located." The district court concluded that this language is not impermissibly vague and we agree. A regulation must be sufficiently definite to give people of ordinary intelligence notice of the conduct it prohibits, *United States v. Turcotte*, 405 F.3d 515, 531 (7th Cir. 2005), but a plaintiff who engaged in behavior unmistakably proscribed by a disputed regulation cannot mount a facial challenge, *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982).

The terms "disruptive" and "violent" in B-236 are reasonably clear, and an inmate of ordinary intelligence would know that throwing a food tray is an act sanctionable under B-236. Because his conduct falls well within the scope of the rule's plain language, Isby-Israel's vagueness challenge fails.

AFFIRMED.