# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 26, 2010

Lyle W. Cayce
Clerk

No. 09-41100
Summary Calendar

THOMAS HAROLD STIGER,

Petitioner-Appellant,

versus

WARDEN, Federal Correctional Center Medium, Beaumont, Texas,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:07-CV-316

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Thomas Stiger, federal prisoner # 39053-115, appeals the denial of his 28 U.S.C. § 2241 petition challenging a prison disciplinary proceeding in which he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was found guilty of possessing a weapon (i.e, an altered razor blade) and was disallowed forty days of good-credit time. Stiger argues that he was not afforded the proper due process protections in connection with the disciplinary proceeding and that there was insufficient evidence to support the finding that he committed a disciplinary violation. He also contends that the disciplinary action was in retaliation for his filing a motion for a temporary restraining order ("TRO").

The record demonstrates that Stiger was afforded at least the minimal procedural requirements to satisfy due process. He specifically was provided (1) written notice of the charges at least twenty-four hours before the proceedings, (2) an opportunity to call witnesses and present evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974). Although Stiger suggests that he was not advised that he could call witnesses, the record belies that assertion, and, in any event, there is no record evidence that Stiger desired to have witnesses testify at the hearing.

To the extent that Stiger argues that prison officials violated prison regulations by, *inter alia*, not securing his written signature on particular documents delineating his rights, he has not alleged a constitutional violation that would entitle him to habeas relief. *See Jackson v. Cain,* 864 F.2d 1235, 1251-52 (5th Cir. 1989). Even if he was not advised of the rights that would be afforded to him at the disciplinary hearing, he has not established that he was prejudiced by any purported omission. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Stiger also has not demonstrated that there was insufficient evidence that he committed a disciplinary violation. The disciplinary hearing officer was presented with an incident report detailing that an officer found an altered razor blade in a coffee cup in Stiger's cell; the incident report was accompanied by a photograph of the blade. Although Stiger disavowed knowledge of it and alleged that it had been planted in his cell by another inmate or a staff member, the dis-

ciplinary officer concluded that the incident report was entitled to more weight than was Stiger's refutation of the report.

The written incident report and the supporting photograph were sufficient to provide some evidence of Stiger's guilt. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). We need not reconsider the hearing officer's evaluation of the credibility of the competing statements or his rejection of Stiger's theories concerning the razor blade. *See Sup't, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985).

Finally, Stiger has not shown that the district court wrongly found that he was not retaliated against for filing a motion for a TRO. Although Stiger was cited for possessing an altered razor blade within one week of moving for a TRO, he has not set forth any additional facts to suggest a causal relationship between his filing of the motion and the initiation of disciplinary proceedings. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (42 U.S.C. § 1983 case). Stiger has presented no direct evidence of the officer's motive for drafting the incident report and has not alleged facts suggesting that the officer, who was not mentioned in or implicated by the motion for a TRO, was in any way prompted to initiate disciplinary proceedings against Stiger because of the motion for a TRO. *See id*. Thus, Stiger has failed to allege facts showing that, but for a retaliatory motive, he would not have been disciplined for possessing an altered razor blade. *See id*.

Accordingly, the judgment is AFFIRMED.