# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2010

No. 10-10023
Summary Calendar

Lyle W. Cayce
Clerk

JAMES NATHANIEL EVANS, also known as James N. Evans,

Plaintiff-Appellant

v.

RICK THALER; BRITTANY D. DREES; GLEN A. NAURET; THERESA L. HENDRICKS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-267

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

James Nathaniel Evans appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A and § 1915(e)(2). He argues that he is entitled to damages because he was subjected to disciplinary proceedings that were conducted in violation of his due process rights and that the finding of guilt was not supported by any evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A prisoner's protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted). The penalties imposed on Evans, the loss of commissary privileges and cell restriction, are not atypical punishments and do not extend the duration of his confinement. Thus, the disciplinary action did not implicate due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Because there was no protected liberty interest involved in this case, the amount of evidence presented was not an issue of arguable merit. *See Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455 (1985). In any event, the claim was frivolous because the charging officer's report alone was sufficient under the "some evidence" standard to support the disciplinary decision. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). Evans has not alleged a claim having constitutional merit. Thus, the district court did not err in dismissing the complaint as frivolous and in determining that Evans had failed to state a claim upon which relief could be granted. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Evans further contends that the district court abused its discretion in failing to afford him the opportunity to amend his complaint to state a claim. The district court did not abuse its discretion in treating Evans's motion to amend as a Federal Rule of Civil Procedure 59(e) motion and in denying the motion because Evans has not shown that the proposed amendment would not be frivolous and futile. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

No. 10-10023

Evans's motion for appointment of counsel is DENIED.  *See Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992);  *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).  The judgment of the district court is AFFIRMED.