**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 10-60882
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2011

Lyle W. Cayce
Clerk

KELLY TURAN BROOKS,

Petitioner-Appellant

v.

BRUCE PEARSON, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-235

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kelly Turan Brooks, federal prisoner # 42586-037, commenced this 28 U.S.C. § 2241 action asserting that his constitutional rights had been violated during a prison disciplinary proceeding in which he was found to have encouraged a group demonstration. His punishment included the loss of 27 days of good time credit. Brooks seeks the restoration of his good time credit and expungement of the charge. He argues that the disciplinary charge was manufactured to interfere with his right to pursue the redress of grievances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding the food service conditions at his correctional facility.   He also contends that he was denied due process in the disciplinary proceeding because he never met with the staff representative appointed to assist him, which prevented him from being able to collect and present evidence in his own defense due to his confinement in the special housing unit.

According to the incident report, Brooks expressed concerns regarding food issues and the conditions in food service to the food service administrator, the assistant food service administrator, and a food service assistant.  Brooks stated that he was representing a group of inmates and that they were not going to take it anymore.  He said that he was going to file paperwork with the other inmates, that the issues were not going to be taken lightly, and that he was going to represent the other inmates when he was transferred.  The food service administrator stated that in her opinion, "Brooks, could be setting the stage to sabotage food service operations" and that his demeanor and threat to make changes led her to believe that he would lead inmates into a disturbance.

Brooks testified at the disciplinary hearing that the charge was not true, that he told the food service administrator that there were problems in the kitchen, including violations of policy, and that many inmates had come to him asking why there were food service issues.  However, he testified that he never said that he was a spokesperson for a group of inmates.  The disciplinary hearing officer (DHO) relied on Brooks's testimony, the incident report, and the memoranda submitted by the food service administrator and food service assistant in determining that the charge was true.  The DHO noted that when inmates attempt to organize or represent other inmates, things have a tendency to escalate and potentially turn into riots or work stoppages.  He noted that although Brooks had the right to file administrative remedies and to write letters, he did not have the right to represent a group of inmates or to organize others.  The DHO concluded that Brooks was attempting to encourage a group demonstration by trying to represent other inmates.

2

The district court determined that Brooks had received due process in the disciplinary proceedings, that he did not have a constitutional right to the assistance of staff counsel in those proceedings because he was not illiterate and the issues involved were not complex, and that there was some evidence to support the DHO's finding that the charge was true.

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Although there is a right to petition for the redress of grievances, Brooks did not show that he exercised that right in a manner consistent with his status as a prisoner. *See Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 864 (5th Cir. 2004). As the DHO found, although Brooks had the right to complain and file grievances regarding the food service conditions, he did not maintain the right to represent a group of inmates or to organize other inmates. *See Adams v. Gunnell*, 729 F.2d 362, 367-68 (5th Cir. 1984). Thus, the disciplinary charge was not punishment for a valid exercise of his First Amendment rights.

To the extent that Brooks challenges the finding that the disciplinary charge was true, he also has not shown a violation of his constitutional rights. "[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *see also Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). Given the incident report, the statements from the food service administrator and food service assistant, and Brooks's own admissions, there was some evidence to support the finding of guilt on the disciplinary charge. *See Hudson*, 242 F.3d at 536-37.

Because there are no allegations or evidence that Brooks was illiterate, and he concedes in his brief that this was not an issue, and the issues presented were not complex but merely related to whether he had sought to organize a group demonstration, Brooks has not shown that he was entitled to staff

representation as a matter of due process. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). Thus, Brooks's allegations regarding the failure to meet with his staff representative do not establish a constitutional violation.

AFFIRMED.