BLD-055                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1826
_____

JOHN J. MCCARTHY,

Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1:14-cv-01910)
District Judge: Honorable William W. Caldwell
_____

Submitted on Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 19, 2015
Before: FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 25, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John J. McCarthy appeals pro se from the District Court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Because this appeal presents no substantial question, we will summarily affirm the District Court's order.

I.

McCarthy is a federal prisoner serving a 235-month sentence imposed by the United States District Court for the District of Connecticut for possession of a firearm by a convicted felon. This appeal concerns a 28 U.S.C. § 2241 petition, in which he alleged that his constitutional rights were violated during disciplinary proceedings that resulted, in pertinent part, in the loss of good conduct time.[1] The Magistrate Judge issued a report recommending that McCarthy's claims be denied as unexhausted and, alternatively, as meritless. On March 16, 2015, after considering McCarthy's objections, which were not specific, the District Court issued an order adopting the Magistrate Judge's report and denying McCarthy's § 2241 petition.

McCarthy appealed, and the Government has moved for summary affirmance of the District Court's order.

II.

---

[1] To the extent McCarthy challenges punishment that did not result in the loss of prison credit, those claims do not sound in habeas. See Learner v. Fauver, 288 F.3d 532, 540 (3d cir. 2002). In addition, McCarthy's informal brief refers to a challenge about whether his federal time should run concurrent to a state sentence. It does not appear he raised this issue before the District Court in this case, and, in any event, we recently addressed the issue in a separate appeal. See C.A. No. 15-2339.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2]  We review the District Court's denial of habeas relief de novo and its factual findings for clear error.  Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).  If no substantial question is presented, we may affirm on any ground supported by the record.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  In this appeal, we need not address whether McCarthy properly exhausted his claims, as the claims are meritless.

A prisoner has a liberty interest in good conduct credit.  Wolff v. McDonnell, 418 U.S. 539, 557 (1974).  Thus, a disciplinary hearing that may result in the loss of such credit must provide certain due process safeguards to a prisoner, including:  (1) at least 24-hour advance notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; and (3) a written decision explaining the evidence relied upon and the reasons for the disciplinary action.  Id. at 564-66.  The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citations omitted).  This standard is minimal and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."  Id. at 455.  Rather, the relevant inquiry "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary

---

[2] McCarthy's challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to 28 U.S.C. § 2241.  Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008).  A certificate of appealability is not required to appeal from the denial of a § 2241 petition.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

board." Id., at 455-56.

Here, the Disciplinary Hearing Officers' findings that McCarthy committed the violations that resulted in three disallowances of good conduct time were supported by "some evidence." Regarding the first incident, which took place May 21, 2014, McCarthy was accused of threatening bodily harm and refusing an order. At the hearing, McCarthy received a staff representative, testified on his own behalf, and obtained testimony from another inmate. In finding McCarthy committed the alleged violations, the Disciplinary Hearing Officer (DHO) relied on the eyewitness written account of the reporting officer and McCarthy's own admission that he stuck his arm through the wicket and refused to remove it. The "some evidence" standard may be satisfied solely by an incident report. See Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001); McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). In this case, however, the DHO also relied on McCarthy's partial admission that he refused to remove his arm from the wicket. Accordingly, the decision was supported by sufficient evidence to comply with the requirements of due process.

In the second incident, which took place June 1, 2014, McCarthy was accused of possessing a lock-picking device. At the hearing, McCarthy, who appeared with a staff representative, admitted possessing the flattened AA battery terminal in question, but denied that it was a lock-picking device. The DHO based his finding on the written eyewitness account of the reporting officer, a photograph of the object, and McCarthy's testimony. Accordingly, the decision was supported by sufficient evidence to comply with the requirements of due process.

4

In the third incident in question, McCarthy was accused of threatening bodily harm and refusing to obey an order on July 30, 2014. At the hearing, McCarthy, who waived the right to a staff representative, testified he wouldn't submit to hand restraints. He denied threatening anybody. Another inmate testified on McCarthy's behalf that McCarthy did not make any threats while that inmate was present. In finding McCarthy committed the violation, the DHO relied on the very specific, written statement from the reporting officer, as well as McCarthy's partial admission that he refused to submit to hand restraints. Accordingly, this decision, too, was supported by sufficient evidence to comply with the requirements of due process.

McCarthy's general assertions that his rights were violated because the DHOs considered the adverse evidence to be more credible than his defenses does not disturb our conclusion. A challenge to the weight accorded evidence is not relevant to the question of whether the decision was supported by "some evidence" because the standard does not require "weighing of the evidence." Hill, 472 U.S. at 455. Furthermore, we note that the DHOs' decisions complied with the requirement that a decision must be based on the "greater weight of the evidence" when conflicting evidence is presented. 28 C.F.R. § 541.8(f). The written decisions reflect that the conflicting evidence was considered, but that the DHOs found the greater weight of the evidence to indicate that McCarthy committed the alleged violations.

We also agree with the District Court that McCarthy's due process rights were not violated by the hearing procedures. Regarding the above hearings, McCarthy received notice, had an opportunity to present evidence and testify on his own behalf, and received

5

copies of the written decisions that explained the reasons for the loss of good conduct time.

For the foregoing reasons, we will summarily affirm.  <u>See</u> 3d Cir. I.O.P. 10.6.