**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-40820

FERNANDO THOMPSON,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL, Director, Texas Department
of Criminal Justice, Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

August 23, 2001

Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Fernando Thompson appeals the district court's denial of his application for writ of habeas corpus under 28 U.S.C. § 2254. Thompson argues that he is entitled to calendar time for the period in which he was erroneously released from Texas prison and placed on mandatory supervision. Thompson also seeks reinstatement of the good time credits that he accrued before his release.

1

## I. Facts

Fernando Thompson pleaded guilty to rape and aggravated rape of a child and was sentenced to concurrent twenty-year and thirty-year prison terms. The Texas district court erroneously gave Thompson credit for calendar time served beginning May 14, 1982 instead of October 27, 1982, the day Thompson actually began serving his sentence. Based on his accrued good time credits and calendar time, the Texas Department of Corrections released Thompson under mandatory supervision on September 9, 1993, 166 days early. Thompson violated the conditions of his release and returned to custody on February 2, 1995. After Thompson's revocation hearing, the Texas Board of Pardons and Parole denied Thompson credit against his sentence for the one year, four months, and twenty-three days he was at liberty. The Board also concluded that Thompson forfeited his good time credits he accrued before his release.

After pursuing his state remedies, Thompson filed an application under 28 U.S.C. § 2254 for writ of habeas corpus.[1]

---

[1]Thompson filed five state applications for writ of habeas corpus. Thompson raised the issues addressed in this appeal in his fifth application, which the Texas court dismissed pursuant to the Texas abuse of writ statute. The Respondent claims for the first time on appeal that Thompson is procedurally barred from federal habeas corpus review. Although Respondent waived the argument, this Court has discretion to apply the procedural bar on appeal. *See Fisher v. State of Texas*, 169 F.3d 295, 300-02 (5th Cir. 1999) (refusing to apply the procedural bar when the state raised the issue for the first time in its appellate brief). For the reasons outlined in *Fisher*, we choose not to overlook the state's waiver of

Thompson alleged that the Board should have reinstated his good time credits because he was prematurely released through no fault of his own.  Respondent argued that Thompson's accrued good time credits were forfeited and that reinstatement of his credits was discretionary, not mandatory.  The district court denied Thompson relief without addressing whether an erroneous release precludes forfeiture of calendar time and good-time credits upon revocation of mandatory supervision.  On appeal, we vacated the district court's judgment and remanded the matter for consideration of the affect of Thompson's erroneous release.

On remand, the district court, adopting the magistrate judge's recommendation, concluded that Thompson had not established a due process violation.  We granted Thompson a certificate of appealibility and directed him to brief the due process implications concerning forfeiture of good time credits and denial of credit for the time spent at liberty due to his premature release.

## II. Discussion

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  We review the district court's findings of fact for

---

the issue in this case. *See id*. at 302.

3

clear error and review its conclusions of law de novo. *See Beazley v. Johnson*, 242 F.3d 248, 255 (5th Cir. 2001). Thompson argues that the Texas Board of Pardons and Paroles violated his right to due process under the Fourteenth Amendment by revoking the good time credits he accrued before his release and denying him calendar time for the duration of his mandatory supervision. Thompson's argument requires us to determine whether he has a liberty interest in his good time credits and calendar time.

Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection. *Id.* at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Thompson cites *Ex parte Morris*, 626 S.W.2d 754 (Tex. Crim. App. 1982) (en banc), in support of his due process claim. In *Morris*, a Texas prisoner was erroneously released on mandatory

4

supervision due to an error that occurred in Morris's inmate tracking form. The tracking form listed the date his sentence commenced as two years before the date he began serving time. *See id.* at 755. Morris spent slightly over a year on mandatory supervision before breaking the terms of his release. *See id*. The Texas Board of Pardons and Paroles revoked his mandatory supervised release and refused to reinstate Morris's good time credits. *See id.* The Board also refused to credit the time he spent on release as calendar time toward the remainder of his sentence. *See id.* The Texas Court of Criminal Appeals granted Morris's application for writ of habeas corpus. The court, relying on the Texas rule that a prisoner must not serve his sentence in installments, held that the time Morris spent during mandatory supervision should be credited as calendar time toward his sentence. *See id*. at 756-57. The court also held that Morris would have a constitutional liberty interest in his good time credits if the record reflected that Morris accrued good conduct time before his release. *See id*. The court based this conclusion on *Wolff v. McDonnell*, 418 U.S. 539 (1974), rather than the rule governing calendar time for erroneous release. *See id.*

We address Thompson's contentions regarding calendar time and good time separately.

### A. Calendar Time

Under federal law, a prisoner does not receive credit towards

5

his calendar time for time spent on parole if the prisoner violates the conditions of his release. *See United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983); *Starnes v. Connett*, 464 F.2d 524 (5th Cir. 1972); *Betts v. Beto*, 424 F.2d 1299, 1300 (5th Cir. 1970). Likewise, Texas statutory law allows the Board of Pardons and Paroles to disregard the time a prisoner spends on mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.283(b).[2] The Texas and federal laws do not raise constitutional concerns. *See Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997). Thompson therefore does not have a liberty interest grounded in either a state law or the Due Process Clause itself that would require the Texas Department of Corrections to credit Thompson's accrued calendar time with the time he appropriately spent on mandatory supervision. Thompson argues, however, that the state's denial of his calendar time after his premature release violates his right to due process because he was not properly released in the first place.

The Due Process Clause of the Fourteenth Amendment prohibits state acts that exceed a prisoner's sentence in an unexpected manner. *See Sandin*, 515 U.S. at 484. *See also Washington v. Harper*, 494 U.S. 210, 221 (1990); *Vitek v. Jones*, 445 U.S. 480, 493 (1980); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Requiring Thompson to complete the remainder of his sentence after his

---

[2]The statutory language has remained substantively unchanged since 1965. *See Ex parte Canada*, 754 S.W.2d 660, 661 n.2 (Tex. Crim. App. 1988). Thompson committed his offense in 1982.

premature release does not exceed his sentence in an unexpected manner. Hence, the Due Process Clause does not by itself prohibit states from denying prisoners calendar time after an erroneous release. *See Wooten v. Wilkinson*, 265 F.2d 211, 212 (1959). *See also Piper v. Estelle*, 485 F.2d 245, 246 (holding that due process is not violated when a state reincarcerates a prisoner who had not completed his sentence, as long as the state did not unequivocally waive interest in the prisoner). We therefore must look to Texas law to determine whether Thompson has a liberty interest in calendar time due to his premature release.

Thompson relies on the following rule restated in *Ex Parte Morris*: "A sentence must be continuous and a prisoner or inmate cannot be required to serve his sentence in installments, unless it is shown that a premature or unlawful release of the prisoner or inmate resulted or occurred through some fault on the part of the prisoner or inmate." *See Morris*, 626 S.W.2d at 757-58. *See also Ex parte Millard*, 48 S.W.3d 190 (Tex. Crim. App. 2001); *Ex parte Hurd*, 613 S.W.2d 742 (Tex. Crim. App. 1981); *Ex parte Tarlton*, 582 S.W.2d 155 (Tex. Crim. App. 1979); *Ex parte Esquivel*, 531 S.W.2d 339 (Tex. Crim. App. 1976). The law in Texas from the time of Thompson's offense to the present requires the State to credit Thompson for time after an erroneous release, so long as Thompson was not at fault. *See Morris*, 626 S.W.2d at 757. Texas law therefore grants Thompson a legal entitlement to calendar time

7

during the period of his premature release.

In order for the legal interest conferred by Texas law to merit protection under the Fourteenth Amendment, Thompson's interest must amount to a "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted). Only deprivations of interests that "clearly impinge on the duration of confinement . . . will . . . qualify for constitutional 'liberty' status." *See Orellana*, 65 F.3d at 31-32.

By denying Thompson calendar time for his erroneous release, the Texas Board of Pardons and Paroles denied Thompson credit toward his sentence that he was entitled to receive under Texas law. The deprivation of calendar time inevitably affected the duration of Thompson's confinement. *Cf. Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (holding that loss of ability to accrue good time credits does not inevitably affect the duration of a sentence); *Orellana*, 65 F.3d at 32 (holding that procedures relating to Texas parole do not inevitably affect the duration of confinement because Texas parole statutes do not confer a liberty interest). We conclude that Thompson has a liberty interest in the calendar time following his erroneous

8

release, which entitles him to the procedural protections set forth in *Wolff.*  *See Sandin*, 515 U.S. at 487.

"The touchstone of due process is protection of the individual against arbitrary action of government . . .."  *Wolff*, 418 U.S. at 558.  The constitutional purpose of ensuring adequate procedure "is to protect a substantive interest to which the individual has a legitimate claim of entitlement."  *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).  Once it is established that a prisoner has a liberty interest in his calendar time, "the loss of such [calendar time] threatens his prospective freedom from confinement by extending the length of imprisonment.  Thus the inmate has a strong interest in assuring that the loss of [calendar time] is not imposed arbitrarily."  *Superintendent, Massachusetts Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).[3]  While protection of an inmate's liberty interest through procedural requirements must be balanced with the institutional needs of prisons, the Supreme Court has required prison officials to present at least some evidence in support of its decision to deprive an inmate of his state-created interest.  *See id*. at 455-56; *Edward v. Balisok*, 520 U.S. 641, 648 (1997); *Hudson v. Johnson*, 242 F.3d 534,

---

[3]*Hill* involved a prisoner's liberty interest in good time credits under Massachusetts law.  Thompson's interest in calendar time is equally as strong as the inmate's liberty interest in *Hill.*  The denial of Thompson's calendar time, like the forfeiture of good time credits, will inevitably affect the length of his imprisonment*.  See Hill*, 472 U.S. at 454.

536 (5th Cir. 2001).[4]

Respondent has not provided any evidence to support its denial of Thompson's calendar time, nor does the record contain evidence demonstrating that Thompson should not be credited with the time following his mandatory release.[5]  In fact, the Texas Department of Corrections conceded that Thompson was not responsible for the clerical error that led to his early release.  The decision to deny Thompson credit for calendar time was therefore arbitrary and inconsistent with the minimum requirements of due process.  *See* *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest.").  Thompson is entitled to calendar time for the time he spent on mandatory

---

[4]Other procedural requirements include notice, an opportunity to present evidence, and written findings in support of the ruling. *See Hill*, 472 U.S. at 454.

[5]Respondent argues that Thompson is not entitled to calendar time as a result of Thompson's conduct leading to the revocation of his release.  *See* TEX. GOV'T CODE ANN. § 508.283(c). Under section 508.283(c), a parole panel may require an inmate to serve the remainder of his sentence without credit for time on mandatory supervision once the panel has held a hearing and determined that the person has violated the terms of his supervised release. *See id*.  However, Texas law also requires officials to credit an inmate's sentence with the time the prisoner spent on mandatory supervision once it is determined that the prisoner was erroneously released through no fault of his own. *See Millard*, 48 S.W.3d at 192; *Morris*, 626 S.W.2d at 757-58.  Texas officials therefore were required to present some evidence demonstrating that Thompson was not entitled to credit for calendar time after his erroneous release.

supervised release.

### B. Good Time Credits

In *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000), we concluded that Texas prisoners have "a constitutional expectancy of early release created by Texas's mandatory supervision scheme in place prior to September 1, 1996 for earned good time credits." *Id.* Like the statutes at issue in *Wolff v. McDonell*, 418 U.S. at 545-55, Texas statutes allow for mandatory sentence reductions for good behavior and revocation of good conduct time for subsequent misbehavior. *See Madison*, 104 F.3d at 768-69. Texas prisoners forfeit good time credit upon revocation of parole or mandatory supervision. *See* TEXAS GOV'T CODE § 498.004.[6] "However, when a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Malchi*, 211 F.3d at 959 (citing *Wolff*, 418 U.S. at 557).

Thompson does not argue that he did not receive a fair hearing

---

[6]Texas statutes allowed for the forfeiture of good conduct time upon revocation of mandatory release since 1977. *See Ex Parte Henderson*, 645 S.W.2d 469, 471 (Tex. Crim. App. 1983) (en banc) (citing Article 6181-1, Sec. 4, V.A.C.S. (effective August 29, 1977)).

after he violated the conditions of his release. Rather, he argues that he has was deprived of his liberty interest in earned good time credits because of his premature release. To support his claim, Thompson again relies on *Ex parte Morris*, which determined that an erroneously released prisoner is entitled to restoration of good time credit as a matter of constitutional due process. *See Morris*, 626 S.W.2d at 757 (relying on *Wolff* in support of its conclusion). Because we are not bound by a state court's interpretation of the federal Constitution, we make our own determination of whether Thompson had a liberty interest in the reinstatement of his good time credits after his premature release. *See Grantham v. Avondale Indus., Inc.*, 964 F.2d 471, 473 (5th Cir. 1992). *See also Madison v. Parker*, 104 F.3d 765, 766 (5th Cir. 1997) ("The identification of the liberty interests that are protected by the Due Process Clause is a question of federal constitutional law . . .."). There is no Texas law abrogating forfeiture of good time credits when a prisoner is prematurely released. *See, e.g.*, *Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997) ("Because the state statutes have . . . vested complete discretion with the state correctional authorities on the issue of restoration of good time credits forfeited for disciplinary infractions, there is no protected liberty interest in the restoration of good time credits . . ..").

Without some state-created right to reinstatement of good time

12

credits after an erroneous release, Thompson cannot prevail on his due process claim for lost good conduct time simply because the Texas Department of Correction's erroneously calculated his mandatory release date. The Texas statute in place prior to September 1, 1996 provided Thompson with a constitutional expectancy of early release. *See Malchi*, 211 F.3d at 957-58. Thompson was released even earlier than he expected. Thompson broke the conditions of his release and received a hearing. The Texas Department of Correction's clerical error had no affect on Thompson's liberty interest in his earned good time credits. Rather, Thompson's own misconduct during mandatory supervision led to the forfeiture of his previously earned good conduct time. Thompson is therefore not entitled to reinstatement of the good conduct time he earned prior to his release.

## III. Conclusion

Thompson established a violation of his due process rights under the Fourteenth Amendment as a result of the State's refusal to credit toward the remainder of his sentence the time he spent on mandatory supervision. Thompson, however, failed to show a due process violation concerning the forfeiture of the good time credits he earned prior to his release. We therefore REVERSE the district court's judgment dismissing Thompson's § 2254 application for writ of habeas corpus and REMAND to the district court for proceedings consistent with this opinion. Thompson's remaining

13

motions carried with this case are DENIED.