IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30323
Summary Calendar
_____

RICKY NELSON,

Plaintiff-Appellee,

versus

RICHARD STALDER, Department of Corrections, ET AL.,

Defendants

KELLY WARD, Warden of David Wade Correctional Center;
JEAN BAKER, records analyst at David Wade Correctional Center;
HENRY GOINS,

Defendants-Appellants
--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-1893-I
--------------------
January 25, 2002
Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The defendants appeal the district court's denial of their qualified-immunity-based motion for summary judgment. They argue that the district court erroneously determined that the plaintiff had alleged the violation of a clearly established constitutional right and that their attendant conduct was objectively unreasonable. We agree, and we reverse and remand for entry of summary judgment in their favor.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Summary-judgment decisions are reviewed de novo, applying the same test as the district court. E.g., Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir. 1992). "Summary judgment is properly granted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Rule 56(c)). The denial of a motion for summary judgment based on qualified immunity is immediately appealable only when based on an issue of law. Rodriquez v. Neeley, 169 F.3d 220, 222 (5th Cir. 1999). The district court did not deny summary judgment based on the existence of genuine issues of material fact, but rather decided, as a matter of law, that the facts did not support the qualified-immunity defense. We therefore have jurisdiction over this appeal.

The evaluation of a qualified-immunity claim is a two-step process. "The first step is to determine whether the plaintiff has alleged a violation of a clearly established constitutional right." Colston v. Barnhart, 130 F.3d 96, 99 (5th Cir. 1997); see also Hare v. City of Corinth, MS, 135 F.3d 320, 325 (5th Cir. 1998). A right is "clearly established" if the unlawfulness of the conduct in question is apparent based on pre-existing law from this circuit or from the Supreme Court. Shipp v. McMahon, 234 F.3d 907, 915 (5th Cir. 2000), cert. denied, 121 S. Ct. 2193 (2001).

"The second step requires the court to determine whether [the defendant's] conduct was objectively reasonable under existing clearly established law. " Colston, 130 F.3d at 99; see also Hare, 135 F.3d at 326. "Clearly established" means that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). A defendant is entitled to qualified immunity "unless, at the time and under the circumstances of the challenged conduct, all reasonable officials would have realized that [the defendant's conduct] was proscribed by the federal law on which the suit is founded." Pierce v. Smith, 117 F.3d 866, 871 (5th Cir. 1997).

To bring a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must first identify a protected liberty interest and then prove that governmental action resulted in a deprivation of that interest. San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991). Nelson had a state-created liberty interest in receiving credit for time served because the state court determined that state law required that he be given such credit. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (States may create liberty interests which are protected by the Due Process Clause). That interest was indeed deprived by the erroneous decision of the defendants. Nelson was therefore entitled to the protections of procedural due process, which he received in the form of the administrative review procedures. See Thompson v. Cockrell, __ F.3d __ (5th Cir. Aug. 23, 2001, No.

00-40820), 2001 WL 958905 at *1 (only those state-created liberty interests that inevitably affect the duration of a sentence qualify for constitutional protection).

However, that right was not clearly established until the state court declared it. At the time the defendants made their erroneous interpretation of the law, Nelson had no clearly established liberty interest in the defendants' interpreting state law correctly. Nelson received his right to procedural due process when the state court corrected the defendants' error and ordered that Nelson be credited with the time served.

The district court based its determination that Nelson had alleged the violation of a clearly established procedural due process right on a decision from the Third Circuit, Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989). Sample is inapposite, however, because it is neither Fifth Circuit nor Supreme Court jurisprudence. See Shipp, 234 F.2d at 915. It is furthermore distinguishable insofar as it involved a prison regulation which authorized consultation with legal professionals on questionable computation issues. Nelson has identified no such regulation, nor has he identified relevant federal jurisprudence which establishes that the administrative remedy procedure in place afforded him insufficient procedural due process or that postdeprivation remedies were inadequate.

Nelson has failed to establish the violation of a clearly established constitutional right, and, therefore, the defendants are entitled to the qualified-immunity defense.

We therefore REVERSE and REMAND for entry of summary judgment in favor of the appellants.