# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2010

No. 09-50695
Summary Calendar

Charles R. Fulbruge III
Clerk

WINDELL HAYES, JR.,

Plaintiff-Appellant

v.

STATE OF TEXAS; JUDGE ROBERT PERKINS, Judge 331st District Court; DA STEPHINE MCFARLAND, Assistant DA Travis County; DAVID DEWHURST, President of Senate; RISSIE OWENS, Board of Pardons and Parole Chair; BRYAN COLLIER, Parole Division Director; DPS DIRECTOR; GREG ZANEY, appointed counsel; CHRISTINA MELTON CRAIN, TDCJ Director; GREG HAMILTON, Travis County Sheriff; TOM CRADDICK, Speaker of the House,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-182

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Windell Hayes, Jr., former Texas prisoner # 1250640, filed a pro se and in forma pauperis (IFP) civil rights complaint seeking monetary damages against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the State of Texas; Robert Perkins, a Texas district court judge; Stephine[1] McFarland, a Travis County assistant district attorney; David Dewhurst, the President of the Texas Senate; Rissie Owens, the chairman of the Board of Pardons and Parole; Bryan Collier, the director of the parole division; the unnamed director of the Texas Department of Public Safety (DPS); Greg Zaney, appointed counsel; Christina Melton Crain, whom Hayes designated as director of the Texas Department of Criminal Justice (TDCJ); Greg Hamilton, the sheriff of Travis County; and Tom Craddick, the speaker of the Texas House of Representatives.  Hayes appeals the dismissal of the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Hayes, who was convicted of indecency with a child in 1991, alleges that the Texas sex-offender registration laws violate the Ex Post Facto and Double Jeopardy Clauses of the Constitution; that he was improperly denied "street time" credits; that a 2004 conviction for failure to register was invalid; and that the Texas Court of Criminal Appeals and the district court violated his due process rights.

A district court must sua sponte dismiss a prisoner's IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune.  § 1915(e)(2)(B).  A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  This court reviews a district court's dismissal as frivolous for abuse of discretion.  *Id.*

The district court determined that all of the defendants, but for Collier and Owens, were either immune from suit or were not personally involved in the alleged violations.  Hayes did not challenge the district court's findings, and, as such, all claims against those defendants are deemed abandoned.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.

---

[1] "Stephine" McFarland is likely Stephanie McFarland.  R. 77 n.1.

1987).  Accordingly, the remaining defendants on appeal are Collier (for the claim that conditions imposed on Hayes while on supervised release violated his constitutional rights) and Owens (for the claim that Hayes was denied "street time" credits).

Retroactive application of laws requiring sex-offender registration and notification do not violate the Ex Post Facto Clause. *Smith v. Doe*, 538 U.S. 84, 103-04 (2003).  Moreover, Hayes has not set forth a viable double jeopardy claim because he has not established that he received "multiple punishments for the same offense." *United States v. Brown*, 571 F.3d 492, 497 (5th Cir. 2009). Likewise, Hayes's claim that he was denied "street time" credit is meritless because prior to 2001 (when Hayes's supervision was revoked), Texas law required the Texas Board of Pardons and Paroles to disregard the street time a prisoner accumulated while released on parole, and, as such, Hayes had no liberty interest in those credits. *See* TEX. GOV'T CODE ANN.§ 508.283 (Vernon 1998); *Thompson v. Cockrell*, 263 F.3d 423, 425-28 (5th Cir. 2001).

The district court dismissed, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Hayes's claim that his 2004 conviction was invalid.  Hayes failed to challenge the district court's reasons for the dismissal of this claim by failing to challenge the *Heck* bar.  Because Hayes failed to identify any error in the district court's analysis, it is the same as if he had not appealed the issue. *See Brinkmann*, 813 F.2d at 748.  Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), arguments must be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Hayes's claim is therefore deemed abandoned. *See Brinkmann*, 813 F.2d at 748.  Moreover, because Hayes failed to challenge the district court's finding that all defendants relevant to Hayes's 2004 conviction were either immune from suit or not personally involved, this claim is deemed abandoned for stronger reasons. *See Brinkmann*, 813 F.2d at 748.

Hayes's conclusory allegations that the Texas Court of Criminal Appeals and the district court violated his due process rights are insufficient to establish the denial of a constitutional right. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Accordingly, the district court properly dismissed Hayes's § 1983 complaint as frivolous.

Hayes's appeal has no arguable merit, is frivolous, and is dismissed. 5TH CIR. R. 42.2; *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because Hayes was incarcerated at the time that he filed the instant complaint, the district court's dismissal of Hayes's action as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Should Hayes be returned to prison and accumulate three strikes, he would not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Hayes is also warned that, as a non-prisoner, he is subject to sanctions if he makes any further frivolous filings.

Hayes's motion for appointment of counsel is denied.

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED; SANCTION WARNINGS ISSUED.