12,196-06

RECEIVED IN
MOTION DISMISSED COURT OF CRIMINAL APPEALS
DATE: 1/20/15        JAN 0 5 2015
BY: DC

Abel Acosta, Clerk

Court of Criminal Appeals
P.O. Box 12308. Capitol Station
Austin. Texas 78711

December 23. 2014

RE: Cause no. C-371-010342-0826520-D "REFILING OF RETURNED MOTION.
AND PETITION FOR WRIT OF HABEAS CORPUS ISSUED TO RESPONDENTS.

Dear ABEL COSTA. Clerk.

Please deliver the enclosed Motion(s) and Petition to the Court
to be AMENDED to my original 11.07 Writ of Habeas Corpus and heard
by the Court as "PREVIOUSLY" filed and RETURNED to me from your
office.

Please NOTE that the 'original' 11.07 Writ of Habeas Corpus
Stamped Filed in the Tarrant County Court 371 by Clerk Thomas
A. Wilder November 18. 2014. was ORDERED transmitted to your
office on December 12. 2014 by Judge Mollie Williams-Dec.12.2014.

Your "NOTICE" to me "RETURNING" my Motion and Petition stating
that "at this time you do not have a Writ of Habeas Corpus filed
in the Court of Criminal Appeals " dated December 16. 2014 I.
received through U.S.Mail on December 23. 2014.

PLEASE STAPLE AND REFILE THIS MOTION AND PETITION FOR AMENDMENT
OF EXHIBIT -F- AND Motion for WRIT OF HABEAS CORPUS ISSUED TO
RESPONDENTS ALONG WITH THIS (MOTION TO RE-AMENDFORMER: MOTION
AND PETITIONER'S REPLY TO STATE'S REPLY.

THANK YOU for any and all service and consideration into this
matter.

Sincerely.

Gery Lee Scott      pro se
TDCJ-ID# 1123905
Ramsey One Unit
1100 F.M. 655
Rosharon. Texas 77583

CC:GLS.

EX PARTE § IN THE COURT

§ OF CRIMINAL APPEALS

GERY LEE SCOTT § OF TEXAS

MOTION TO "RE-AMEND" FORMER :
"MOTION TO (AMEND) "EXHIBIT -F- AND
REQUEST FOR COURT ORDERD HABEAS CORPUS ISSUED TO RESPONDENTS""

AND

PETITIONER'S REPLY TO
STATE'S REPLY TO PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

NOW COMES GERY LEE SCOTT hereinafter (Scott) Movant in this action and does plead the Court allow the aforementioned Motion(s) and Petitioner's Reply to be ENTERED as amendments to his original 11 07 Complaint Application because:

As shown as a matter of "Record" Scott filed his "MOTION TO (AMEND) "EXHIBIT -F- AND REQUEST FOR COURT ORDERED HABEAS CORPUS ISSUED TO RESPONDENTS"" on December 01, 2014 as stamped by Clerk. Abel Acosta "Received in Court of Criminal Appeals (RETURNED TO SCOTT December 23. 2014 along with his PETITIONER"S REPLY TO STATE'S REPLY TO PETITION FOR WRIT OF HABEAS CORPUS. stamped RECEIVED IN Court of Criminal Appeals. December 04. 2014. Clerk. Abel Acosta and (RETURNED) to Scott on December 23. 2014 a span of 22 days lapsing from receipt into the Court to return to Scott though the 371 Judicial District Court of Tarrant County TX.. had transmitted it's findings and ORDER from the Trial Court Judge on December 12. 2014 and its first notice of Scott's Filed 11.07 November 18. 2014 as Stamped by Thomas Wilder. Dist. Clerk Tarrant County. Texas.

(1.)

See November 20- 2014 State's Reply to Petition for Writ of Habeas Corpus-(PATRICIA HATLEY),Deputy District Attorney-- and-- State's Reply to Petition for Writ of Habeas Corpus-((signature undestinguishable)) Dated December 11- 2014(MEMORANDUM/FINDINGS & ORDER -December 12- 2014 Filed by Thomas A- Wilder- Dist Clerk Tarrant County- Texas- Time 11:58-

Scott avers that he filed his "original" 11-07 application November 4- 2014;Stamp FILED BY Thomas Wilder Clerk- tarrant County- TX-- Nov- 18- 2014 and received answer of the same on Nov- 20- 2014; Filed his "MOTION TO AMEND "EXHIBIT -F- AND REQUEST FOR COURT ORDERED HABEAS CORPUS ISSUED TO RESPONDENTS"" on Nov- 25- 2014- STAMPED FILED Abel Acosta Dec- 01- 2014 (Returned to Scott December 23- 2014); Filed his PETITIONER'S REPLY TO STATE'S REPLY TO PETITION FOR WRIT OF HABEAS CORPUS- Nov- 26- 2014 Stamped filed Dec- 04- 2014 Abel Acosta Clerk- "also" RETURNED TO Scott stating- "NOTHING FILED IN THE COURT OF CRIMINAL APPEALS AT this time-(Notice Dated December 16- 2014 Abel Costa- Clerk)- THOUGH- the Tarrant County Clerk's Office 'transmitted' it's MEMORANDUM/FINDINGS & ORDER to the Court of Criminal appeals December 12- 2014- (time) 11:58 Thomas A- Wilder- Clerk,Scott receiving his notice December 18- 2014 of the same- thus Scott also avers that he "timely" filed h is Motion and Petition to the Court of Criminal Apepals in answer to the State's Reply(s)- as well as it's Memorandum/Findings & Order-

(2.)

Scott request that the contents mailed to the Court of Criminal Appeals Clerk. Abel Acosta. this December 23. 2014 be FILED and AMENDED to his "ORIGINAL" 11-07 Habeas Corpus Application. and HEARD with the affect of 'findings' of the CCA pursuant to Scott's original 11-07 Application.(See Original Application No. C-371010342-0816520-D.; MOTION TO AMEND "EXHIBIT-F- AND REQUEST FOR COURT ORDERED HABEAS CORUS ISSUED TO RESPONDENTS"": PETITIONER'S REPLY TO STATE'S REPLY TO PETITION FOR WRIT OF HABEAS CORPUS.; EX PARTE GERY LEE SCOTT No. C-371-010342-0826520-D MEMORANDUM/FINDINGS & ORDER (Dec-12. 2014) Tarrant County. Texas District Court Clerk. Thomas A. Wilder.)

## PRAYER

I. MOVANT in this action. PRAYS that the. Honorable Court of Criminal Appeals of Texas. GRANT relief as prayed in this affidavit and take into account (all) of the relevant provided information herein and throughout Scott's filing(s) respectively. but in the alternative this Honorable Court Judge render such relief. that Scott seeks to relieve his suffering under 'law' that is "unconstitutional" and arbitrarily abrogates his punishment.

Respectfully Submitted.

Gery Lee Scott          pro se
TDCJ-ID# 1123905
Ramsey One Unit
1100 F.M. 655
Rosharon, Texas 77583

CC:GLS.

(3.)

## UNSWORN DECLARATION

I. GERY LEE SCOTT. is the Movant in this action and does declare under the Penalty of Perjury that the information in this affidavit is True and Correct to the best of my knowledge and attest to the same as signed to this ⟨23rd⟩ Day of December 2014.

_____
GERY LEE SCOTT       PRO SE

## CERTIFICATION

I. GERY LEE SCOTT. DO CERTIFY THAT THIS ACTION HEREINMENTIONED HAS BEEN DELIVERED TO THE Ramsey One Unit "Indigent" LAW LIBRARY MAIL BOX FOR PROCESSING TO THE COURT OF CRIMINAL APPEALS OF TEXAS AT AUSTIN. ON DECEMBER 23, 2014 and signed to the same this 23rd Day of December. 2014.

Respectfully Submitted.

_____
Gery Lee Scott       pro se

CC:GLS.

(4.)



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

Received 12/23/2014 (initials)

December 16, 2014

Gery Lee Scott
Ramsey Unit I TDCJ#1123905
1100 F.M. 655
Rosharon, Texas 77583

RE: Cause no. C-371-010342-0826520-D

Dear Mr. Scott,

After a thorough search of our records, we find that you have do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am here with returning your documents.

Sincerely,

Abel Acosta
Clerk

AA/vc
Enclosure

CAUSE NO. C-371-010342-0826520-D

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUJS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE ARTICLE 11.07; 11.05; 11.23.

"MOTION TO (AMEND) "EXHIBIT -F- AND
REQUEST FOR COURT ORDERED HABEAS CORPUS ISSUED TO RESPONDENTS""

EX PARTE GERY LEE SCOTT          §
   Movant.                       §
                                 §
V.                               §
                                 §
BRAD LIVINGSTON, EXEC.DIR.       §
TEXAS DEPARTMENT OF CRIMINAL     §
JUSTICE-INSTITUTIONAL DIVISION   §
(TDCJ). Respondents              §

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 01 2014

Abel Acosta, Clerk

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

Now Comes, GERY LEE SCOTT. hereinafter. (Scott) requesting permission to "amend" h is (Exhibit -F-; "TIME CREDIT DISPUTE RESOLUTION FINAL CERTIFICATION DECISION"-dated 11/10/2014 by (Kelly Enlae, 'assistant Director for Classification and Records.)

Scott avers that he has attached the original sent to him on 11/10/2014 and received by h im on 11/22/2014. and request it be amended to his original C-371-010342-0826520-D Application (From) the 371 Tarrnt County Texas Court.

Scott also in h is Motion to the Honorable Court request that this Honorable Court of Criminal Apepals of Texas issue through "Order" a Habeas Corpus to the Respondents illegally restraining him. to release h im from his illegal restraint pursuant to Article 11.05 and 11.23 respectively. his "only" means of immediate redress for relief of his illegal restraint.

(1.)

and by virtue of the "unconstitutional laws" enforcing his illegal restraint,(V.T.C.A. §508.145-§508.149), that the Honorable Court pursuant to 11.07, 11.05, 11.23. Order the Respondents holding Scott illegally, to deliver h im from his illegal restraint to the Court of jurisdiction for adjudication of his claims he is illegally restrained by virtue of unconstitutional law arbitrarily abrogating his EARNED Good-Time and Work-Time calculated to his Flat-Time mandating his "release" to parole when the specific enumerated factors exist to exact Half-Time served to the sentence for trigger of release to parole.

Scott avers that his 35 year sentence he has served 12 years Flat-Time plus his EARNED 11 years Good-Time plus EARNED 6 years Work-Time equal 29 years and certainly calculate over HALF his time served toward the sentence for release to parole as mandated by the Statutes to trigger Scott's release to parole. (See Exhibit "E" Time Calculation Sheet 10/17/2014)(Const.Amend. 13. 14. 5.)(V.T.C.A.§508.145-§508.149).

Scott avers that he is protected by the U.S. 13 Const. Amend. from arbitrarily abrogated punishment of "Involuntary Servitude" "EXCEPT [AS] A PUNISHMENT" towit the 371 Court nor the V.T.C.A. §508.145-§508.149 specifically adress but instead clearly exact through V.T.C.A. §497.002(2) there TDCJ clearly define it's understanding of Scott's "LABOR"(EARNED Work-Time) as ((2)"Reduce Department Cost..." a phrase enducted into law of the understanding in common and law language to equal "money" which is the only understanding of a thing that could reduce"cost"; thus rendering Scott's EARNED Work-Time equal to the same and

(2.)

under the law of §497.002(2) by it's own language and definition creates Scott's "liberty interest" in his Work-Time and sets §508.145-§508.149 contrary to §497.002(2) where Scott would have a vested "liberty interest" in his Work and Good-Time by virtue of §508.145-§508.149 "denying" Scott REVIEW formula of his Good-Time and Flat-Time equalling that review thus Scott's Good-Time by virtue of (3g) language of the Statutes place Scott's Good-Time into "new" meaning absent application toward "REVIEW" and Scott's Work-Time given "new" meaning through law of §497.002(2) as "reducing cost for TDCJ" the Statute itself "creating" Scott's liberty interest in h is EARNED Work-Time CAUSE an absurd outcome for Scott's EARNED Work-Time and Good-Time respectively as they relate to a calculated mandate to release on parole since the Statutes at issue mandate "only" release to parole or Maximum Sentence Date.

Scott avers that since he can "only" release from TDCJ by (two) mechanisms enacted by the Statutes (serve his entire sentence to the maximum allowed by law) or (parole) when certain enumerated factors trigger release to parole. (see TDCJ-Offender Orientation Handbook pg. 56 1.(c.) "...These offenders must be released on parole. or on their maximum expiration dates.") this act authorized by §508.145-§508.149 (3g) catagory denving Scott Const. Amend. 14 Due Process of his EARNED Good-Time and Work-Time since the Statutes at issue (§508.145-§508.149 and §497.002(2)) are certainly giving specific value to Scott's W rk-Time in §497.002(2) and his Good-Time in §508.145-§503.149 where specific language of the Statute his Good-Time IS NOT

(3.)

to be considered toward his release to parole and Flat-Time served to the half of the sentence is the only trigger to release, Scott's Good-Time is specific by the language of the Statute as being a value and thus creating Scott's liberty interest in both Good-Time by virtue of §508.145-§508.149 and Work-Time by virtue of §497.002(2) respectively.

Scott avers that Good-Time and Work-Time like Flat-Time have for the entire existance of TDC/TDCJ been defined as awards EARNED towards reduction of time spent in TDC/TDCJ and thus absent having "ever" been specific towards any other privilege or benefit otherthan "REVIEW" for parole under (Discretionary Mandatory Supervision HouseBill 1433 cases) specifically denied Scott pursuant to §508.145-§508.149 (3g.)) his Work and Good Time Credits are thus rendered by virtue of the Statutes "new" definition reverting back to "liberty interest" value and protected by the 14th Const. Amend due process.(see TDCJ Handbook pg. 54. - 60. 70th Leg.-75th Leg.);(VTCA §508.145-§508.149) (§497.002(2).); (Const.Amend.14,13,5).

Scott avers that the State of Texas is not authorized to "enact" or "enforce" any law that would deprive, Scott of his liberty or property but by virtue of the due course of law,(14 Const.Amend.), therefore Scott equally avers that the State of Texas through it's Legislative bodies has enacted and enforced laws that are contrary to the U.S. Constitution 14 and are un-authorized by the same causing Scott to suffer arbitrary abrogated punishment by virtue of the §508.145-§508.149 laws created by Texas Legislators and enforced by TDCJ.(Const.Amend.14,13,5)(§508 .145-§508.149).

(4.)

Scott avers that he has met the bruden of proving that his claims of the Statutes at issue being unconstitutional on their faces and as they are applied to Scott's Work and Good Time Credits being legally abragated towards his release to parole is clear in the language of the Statutes themselves and the mandated acts they enforce causing Scott's suffering and damage of illegal restraint thus Scott should be Granted 'relief' from the Honorable Court Ordering the issue of habeas corpus to his Respondents to deliver Scott to the jurisdictional court of authority to ascertain if and why Scott is by virtue of the Statutes at issue illegally restrained.(See §508.145-§508.149); (§497.002(2));(Const.Amend. 14, 13, 5);(TDCJ-Handbook pg. 54.-60. 70th-75 Legislatures) respectively.

PRAYER.

Scott PRAYS that the Honorable Court of Criminal Appeals of Texas GRANT him relief. Ordering issue of a writ of habeas corpus to the Respondents instructing them to deliver Scott to a specified jurisdictional court to ascertain whether Scott is in fact by virtue of the Statutes §508.145-:508.149(3g) held in illegal restraint of h is liberty and denied his rights under the U.S. Constitution to due process of his Work and Good Time Credits for release on parole from TDCJ,(see U.S. Const. Amend. 14, 13,5)(§508.145-§508.149);(TDCJ-Offender Orientation Handbook pg. 54.-60.; 70th-75th Legislature);(§497.002(2)).

UNSWORN DECLARATION

Scott, Declares he is the Movant in this action and swears under penalty of perjury that the information in th is action is true and correct to the best of his knowledge, and attest to the same siging this 25ᵗʰ day of November, 2014.

GERY LEE SCOTT PRO SE

EXHIBIT "F"

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
CUSTODIAN OF OFFENDER RECORDS
TIME CREDIT DISPUTE RESOLUTION
FINAL CERTIFICATION DECISION
DATED 11/10/2014

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## CUSTODIAN OF OFFENDER RECORDS
## TIME CREDIT DISPUTE RESOLUTION
## FINAL CERTIFICATION DECISION

Offender Name :   **SCOTT,GERY LEE**

TDCJ# :   **01123905**

Offender Location   **R1**

You filed a request for correction of time credited toward the completion of your sentence pursuant to the Department's internal time credit dispute resolution process to address time credit calculation error complaints.

Your request for correction of calculation of the time credit earned toward completion of your sentence was received by the Custodian of Offender Records on   **9/8/2014**  Pursuant to Section 501.0081 of the Texas Government Code, the Custodian of Offender Records is required to issue a finding in an attempt to resolve the complaint.

The Custodian of Offender Records issues the following finding regarding your complaint:

**injury to a child w/ a deadly weapon is a 3g offense. You have to serve 50% of your time on that sentence before coming up for parole. You are not parole eligible until 8-11-2019**

If you are dissatisfied with this response from the Custodian of Offender Records, you may contact State Counsel for futher assistance.

This concludes the administrative processing of this complaint by the Texas Department of Criminal Justice.

DATE :   **11/10/2014**

il

SIGNATURE:

TITLE:   ASSISTANT DIRECTOR FOR
CLASSIFICATION AND RECORDS

ADDRESS:   TDCJ CLASSIFICATION AND RECORDS OFFICE
BOT WAREHOUSE
P.O. BOX 99
HUNTSVILLE, TEXAS 77342

Court of Criminal Appeals
Clerk of the Court
Louise Pearson,
P.O. Box 12308 Capitol Station
Austin, Texas 78711

November 26, 2014

Dear Clerk:

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 04 2014

Abel Acosta, Clerk

Please bring this (Petitioner's Reply to State's Reply to Petition For Writ of Habeas Corpus) C-371-010342-0826520-D; to the attention of the Court for filing as amended to Scott's "original" application for Writ of habeas corpus 11.07 from the 371 Judicial Court of Tarrant County Tx. filed as aforementioned on November 17, 2014 by Clerk of the said Tarrant County Court.,(Thomas A. Wilder).

Please NOTE that a "copy" of this action and request of the Court pof Criminal Appeals of Texas has been sent to the 371 Judicial Court Clerk for processing through District Attorney Joe Shannon Jr. and the Court thereto.

Thank you for any and all consideration into this matter.

Sincerely,

Gery Lee Scott
TDCJ-ID# 1123905
Ramsey One unit
1100 F.M. 655
Rosharon, Texas 77583

cc:GLS.

CAUSE NO. C-371-010342-0826520-D

EX PARTE                                    §    IN THE COURT

                                           §    OF CRIMINAL APPEALS

GERY LEE SCOTT                             §    OF TEXAS

PETITIONER'S REPLY TO
STATE'S REPLY TO PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, Gery Lee Scott, hereinafter,(Scott), in answer to State's Reply to his Petition for Habeas Corpus relief and shows that the 371ST Judicial Court through Criminal District Attorney of Tarrant County, Texas mistakenly presents his Claims (OUT OF CONTEXT) in a calculated effort to misconstrue the facts at issue which are: (1.) the Statutes (V.T.C.A. §508.145-§508.149 ARE unconstitutional on their faces and as they are applied to Scott's (ILLEGAL RESTRAINT) where they allow arbitrary abrogation of h is Work and Good-Time Credits, a "Liberty Interest" created by virtue of the language of the Statutes(§508.145-§508.149) and defined in part in §497.002(2) as afore demonstrated (See Scott's "original' 11.07 and Memorandum in Support of Ground One) Const. Amend. 5., 14.) (§508.145-§508.149).

The Case in Brief/Procedural History:

The Applicant concedes to (all) History entry data (EXCEPT):

(1.) Scott had no knowledge that a Deadly Weapon Finding had been applied to h is case CR-0826520-D and;

(2.) Scott avers that the last (2) two lines of the first page of the State's Reply is "Absent" completion and does NOT depict what he has alleged that his sentence had been:,;

   (a.) "The applicant filed an application for writ of habeas corpus on July 13, 2012, alleging that his sentence had been..."

which does not follow completion on the next page or anywhere else in the State's Brief/Procedural History therefore Scott respectfully denies alligations (1.) and (2.).

(1.)

Discussion:

Scott has a right to release based on his argument that the Statute(s) §508.145-§508.149 create his liberty interest within his Good and Work-Time where it is clear that his (3g) catagory by virtue of the language of the Statue "WITHOUT CONSIDERATION OF GOOD CONDUCT TIME" sets a value on Scott's Good-Time and solidifies that value by DENYING application of MANDATORY SUPERVISION and DISCRETIONARY MANDATORY SUPERVISION (formulas) which take Scott's Good-Time and Work-Time Credits out of the catagory formula of "REVIEW" which frees up Scott's Good-Time and Work-Time to "new" meaning, a Statute "created" Liberty Interest protected by the U.S. Constitution 14 Due Process of Scott's EARNED Good-Time and Work-Time applied toward his release to parole a catagory NOT unfamiliar to TDCJ since it's Mandatory Supervision operates on the "exact" same practice of "mandatory" release on parole without Board of Pardons and Paroles intervention or discretion where enumerated factors mandate release to minimum discharge dates.

Scott avers that his "ONE" Claim is that the §508.145 - §508.149are "unconstitutional" contrary to the U.S. and Texas Constitutions, (see Const.Amend.14,5.);(Tx.Const. 1.04[2][3]);(§508.145-§508.149);(see also,Tx.Crim.App.1957."In determining if a denial of due process has occurred, Court of Criminal Appeals will arrive at a conclusion by an independent examination of the undisputed facts." Ex parte Roberts, 307 S.W.2d 94, 165 Tx.Crim. 353." );(See Teaguw v. Quarterman 482 F.3d 769,777-80(5th Cir. 2007);(Holding that deprivation of any amount of good time is a liberty deprivation, rejecting argument that good time loss can be de minimis).

(2.)

finally, (See Scott's C-371-010342-0826520-D 11.07 habeas corpus filed November 17, 2014-Memorandum In Support Ground One page 1. - 10.).

### A. Right to Mandatory Supervision Release:

Scott concedes no entitlement to Mandatory Supervision Release Tex.Gov't code §508.149(3g) catagory language of the statute on Scott's Charge(injury to a child).

### B. Right to Parole Release:

Scott avers that he has a right to parole release per the Statuted formula mandating One-Half of his sentence be served Flat Time without consideration of Good-Time Credits, where WITHOUT his Good-Time and Work-Time Credits applied legally toward his release on parole the Statuted language creates obsurd results denying Scott's liberty Interest Good-Time and Work-Time abrogated to the Half-Time of h is sentence served.

In short the Statutes at issue have no authority in law where they, (§508.145-§508.149) arbitrarily abrogate Scott's liberty interest Good-Time and Work-Time and on it's face is contrary to the U.S. and Texas Constitutions denying and depriving Scott's due process of law. ("If a Liberty Interest is "created" by the Statute, due process requires nortice and meaningful opportunity to be heard" La Chance v. Erickson, 522, U.S. 262,266(1993))

and more clearly defining; C.A.5(Tex.)2001. "As to state prison inmate's liberty interests arising from state law as opposed to Due Process clause itself, only those State-Created Substantive interests that inevitably affedct duration of prisoner's sentence may qualify for protection under Clause" U.S.C.A. Const.Amend.14. and; Thompson v. Cockrell, 263 F.3d 423.;

Tex.App.-Houston[14th Dist.]1990. Prison regulation containing "substantive predicates" or criteria wh ich serve to limit discretion of prison officials, and wh ich also contains

(3.)

explicitly mandatory language or specific directives mandating a particular outcome when the regulation's criteria are present, CREATES AN ENFORCEABLE LIBERTY INTEREST." U.S.C.A. Const. Amend.14. Johnson v. Lynaugh, 800 S.W.2d 936, writ granted and writ denied, and writ withdrawn.

Scott thus avers strongly that where the Statutes §508.145-§508.149 are unconstitutional and violate Scott's due process, (Const.Amend.14.), they throughout are void of authority to enforce Tex.Gov'tCode §508.149(a)(1) and thus Scott's Statute "created" liberty interest Good-Time and Work-Time are arbitrarily abrogated by virtue of the Statute thus violating Scott's Const. Amend. 14 depriving h im of his liberty vested in his Good-Time processed along with his Work-Time toward h is release to parole.

(See Tex.App.-Austin 1997. "Mandatory language of Statute that prisoner shall be released on parole unless certain enumerated factors are found "creates" presumption, and, therefore, constitutionally protected expectation of release. U.S.C.A. Const.Amend.14; Vernon's Ann.Tex.Const.Art.1,§§17,19.; Bohannan v. Texas Board of Criminal Justice, 942, S.w.2d 113, rehearing overruled, and writ denied.)

Scott avers that by virtue of the Statutes at issue his release to parole on Half h is sentence served can "only" be legal where the Statutes §508.145-§508.149 abrogate Scott's Good and Work Time Credits as Statute created liberty interest Credits and thus calculate toward his release to parole the same as prior formula of Good-Time Flat-time calculated toward release on projected release date(minimum Release Date). (See TDCJ Orientation Handbook pg., 56.(c.)(1.)(a.)(c.)"Offenders under this law who have their parole denied will be reelased to Mandatory Supervision on their Projected Release Dates(minimum expiration dates).

and ("Tex.App.Beaumont 2006. "As an intermediate appellate court, Court of Appeals cannot reject the most compelling interpretation of statutory language, for a fair interpretation, even if Court of Appeals preferred as a matter of policy the result yielded by the broader interpretation. Griggs v. Triple S. Indus. Corp., 197 S.W.3d 408.")

Conclusion:

The Applicant is being "Illegally Restrained" of his liberty where due to §508.145-§508.149 arbitrarily abrogating his Good-Time and Work-Time Credits toward his release to parole he is denied due process of law (Const.Amend.14), since his credits towards his release only effect his time served in TDCJ, not the actual length of sentence the courts imposed on him. (See

TDCJ-Offender Orientation HandBook pg. 56.C.(1.)(c.)"These Offenders "MUST" be released on parole, or on their maximum expiration dates."

pg. 60.(g.) "Sentences for offenses occurring on or after 9-1-96 WILL NOT be considered for Mandatory Supervision or Discretionary Mandatory Supervision if the offender has ever been convicted of: Injury to a child..."

pg. 56.(C.)(1.)(c.)"...Any good time earned by these offenders COUNTS TOWARD PAROLE ELIGIBILITY ONLY..."

Scott avering no clearer meaning effecuated by the Statute's Language can be taken from "COUNTS TOWARD PAROLE ELIGIBILITY" except that Scott when certain enumerated factors exist by virtue of the Statutes is is "parole eligible" as earned by his Good-Time and Work-Time calculated toward his parole.

Scott thus avers that where absent his parole eligibility and release to parole does not occur his due process is violated by virtue of the Statutes first creating his liberty interest in his Good-Time and Work-Time respectively and then contrary to it's creation of his liberty interest the very same Statute denies legal abrogation of his Good and Work Time toward his

(5.)

his time served to Half h is Sentence to release on parole. (See Const. Amend. 14. 5.) (Scott's Original Application for habeas corpus 11.07 Memorandum in Support of Ground One).

PRAYER

WHEREFORE, PREMISES CONSIDERED, Scott PRAYS that the Court of Criminal Appeals amend this (Petitioner's Reply to; State's Reply to Petition for Writ of Habeas Corpus) to Scott's original "Memorandum In Support of Ground One of Scott's 11.07 Writ and recognize Scott's filings as not to be construed as that of a skilled attorney but a layman of the law, and find in Scott's favor that the Statutes at issue in his ONE Claim of them being in violation of the U.S. and Texas Constitutions as presented throughout Scott's demonstrations and facts supporting the same DO violate Scott's due process of his Good and Work Time credits and thus have no authority in law as applied to Scott's to hold him under conditions of §508.145-§508.149 respectively. Scott also request of the Honorable Court of Criminal Appeals of Texas, recognize TDCJ and law V.T.C.A. Gov't Code §497.002(2) define on the one hand TDCJ's definition of inmate labor(work) as reducing cost, as defined by the Statute and on the other hand Scott's earned property joined with his Good-Time to apply without considerstion to eligibility to release on parole under the §508.145-§508.149 (3g) application thus contrary to it's own language meaning denying Scott's liberty interest in his Earned Work and Good-Time alike.(Const.Amend.14, 5.) Scott by virtue of these violations should be afforded relief he is requesting or in the alternative corrective action taken by the court.

(6.)

Respectfully Submitted,

_____
GERY LEE SCOTT      PRO SE

## UNSWORN DECLARATION

I, GERY LEE SCOTT, DO DECLARE, that the information within this action is True and Correct to the best of his knowledge and attest to the sqme under penalty of perjury this 26th Day of November, 2014 as signed to below.

_____
GERY LEE SCOTT PRO SE

## CERTIFICATION OF SERVICE.

I, GERY LEE SCOTT, DO Certify that a copy of this action has been sent post prepaid to the 371st Judicial District Court of Tarrant County, Texas at the address of; JOE SHANNON, JR., District Attorney, 400 E. Belknap St., Fort Worth, Texas 76196-0201 placed in the U.S. Mail on Ramsey One Unit November 26, 2014 and signed to the same below.

_____
GERY LEE SCOTT PRO SE
Ramsey One Unit
TDCJ-ID#1123905
1100 F.M. 655
Rosharon, Texas 77583

cc:GLS.

(7.)